IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT D. SHELL                                                          PLAINTIFF

v.                              Civil No. 6:23-CV-06058-SOH-CDC

NURSE PRACTITIONER DARRELL                              DEFENDANTS
WAYNE ELKIN (Jail Medical Staff, Hot
Spring County Detention Center,[1]
CAPTAIN JOSH LINGO (HSCDC),
GREGORY CAIN (Public Defender) and
SGT. DONNA LNU

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions
of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District
Judge, referred this case to the undersigned for the purpose of making a Report and
Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[2]
Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress
from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.  BACKGROUND

Plaintiff filed his Complaint on May 10, 2023.  (ECF No. 1).  In his initial Complaint,
Plaintiff brought claims against both the Hot Spring County Jail and the Nevada County Jail.  In
the Order provisionally filing the case, the Court severed the parties and claims concerning the
Nevada County Jail and opened a case with those claims in the Texarkana Division of this District.
(ECF No. 2). The Order also directed Plaintiff to file a completed *in forma pauperis* ("IFP")

---

[1] The correct name for this facility is the Hot Spring County Jail.
[2] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

application and an Amended Complaint.  (*Id*.).  Plaintiff filed an Amended Complaint and an IFP application on May 23, 2023.  (ECF Nos. 4, 5).  Due to deficiencies in his IFP application, the Court entered a second Order directing him to submit a completed IFP application.  (ECF No. 6).  Plaintiff did so on June 9, 2023, and was granted IFP status on June 12, 2023.  (ECF No. Nos. 7, 8).

Plaintiff is currently incarcerated in the Nevada County Jail, but his Complaint centers on his incarceration in the Hot Spring County Jail.  Plaintiff alleges Defendants denied him medical care for a "grade 5 Brain Arteriovenous Malformation" for several months and due to COVID-19.  (ECF No. 1 at 4-10). He also alleges he was kept in inhumane conditions.  (*Id*.).  As a result, he suffered seizures, migraines, loss of sight, tunnel vision, dizziness and light sensitivity.  (*Id*. at 5).  He further alleges Defendants' denial of care triggered and worsened his "chronic-complex PTSD."  (*Id*.).  Specific to Defendant Cain, Plaintiff alleges that Cain, a public defender, conspired with Defendants Elkin and Lingo to coerce him into taking a plea deal by denying him medical care until he plead guilty.  (*Id*. at 5).

Plaintiff proceeds against all Defendants in their official and individual capacities.  (*Id*. at 5, 7, 8).  He seeks compensatory, punitive, and other damages.  (*Id*. at 9).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to

vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Defendant Cain is identified by Plaintiff as a public defender.  Public defenders are not subject to suit under § 1983.  A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).  Defendant Cain was not acting under color of state law while representing Plaintiff in his criminal proceedings.  *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings.").

Additionally, claims for medical indifference must be brought against the individual directly responsible for providing Plaintiff's medical care.  *Kulow v. Nix*, 28 F.3d 855, 859 (8th

Cir. 1994) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992) ("if any claim of medical indifference . . . is to succeed, it must be brought against the individual directly responsible for [Plaintiff's] medical care.").  Plaintiff does not allege that Defendant Cain was responsible for his medical care, and the Court cannot envision any circumstance where a public defender would be directly responsible for providing an inmate's medical care.  Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against Defendant Cain.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's claims against Defendant Cain be dismissed, and Defendant Cain terminated as a party in this case.

**Plaintiff's claims against the remaining Defendants should remain for service by separate order.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **19th day of July 2023**.


*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE