IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


ROBERT D. SHELL                                                              PLAINTIFF


v.                                    Civil No. 6:23-CV-06058-SOH-CDC


NURSE PRACTITIONER DARRELL
WAYNE ELKIN (Jail Medical Staff, Hot
Springs County Detention Center);
CAPTAIN JOSH LINGO (Hot Springs
County Detention Center);
MRS. DONNA                                                                   DEFENDANTS


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions

of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District

Judge, referred this case to the undersigned for the purpose of making a Report and

Recommendation.   Currently before the Court is Defendants' Motion for Partial Summary

Judgment on the issue of exhaustion by Defendants Lingo and Donna.[1]  (ECF No. 40).

### I.  BACKGROUND

Plaintiff filed his Complaint on May 10, 2023 (ECF No. 1), alleging claims against

Defendants in the Hot Spring County Detention Center and the Nevada County Detention Center.

(ECF Nos. 1, 2).  His claims against Nevada County were severed from this case and a new case

in the proper Division was opened.  (ECF No. 2).  Plaintiff was then ordered to submit an Amended

Complaint in this case addressing only his claims arising in the Hot Spring County Detention

---

[1] Separate Defendant Elkin has not filed a Summary Judgment Motion on the issue of administrative exhaustion.

Center. (*Id*.).  Plaintiff filed his Amended Complaint on May 23, 2023.  (ECF No. 4).  On July 19,

2023, the undersigned entered a Report and Recommendation to terminate a Defendant from the

case pursuant to the preservice screening requirements of the Prison Litigation Reduction Act.

(ECF No. 10).  Plaintiff filed a Motion to Appoint Counsel on August 11, 2023.  (ECF No. 12).

This Motion was granted on August 16, 2023, and Attorney Ben Hooten was appointed.  (ECF

No. 13). On August 17, 2023, the Report and Recommendation was adopted by the District Judge

and Defendant Crain was dismissed.  (ECF No. 15).

For his first claim, Plaintiff alleges he was denied medical treatment "by an actual doctor,

neurologist or neurosurgeon" for his grade 5 Brain Arteriovenous Malformation between April 4,

2022, and November 28, 2022.  (ECF No. 4 at 4).  He also alleges he was denied medication for

his epilepsy, resulting in "multiple seizures, migraines, loss of sight, tunnel vision. Dizziness and

light sensitivity." (*Id*. at 5).  Finally, he alleges he suffered from a fever but was later told it was

COVID-19 and received no medical treatment other than being transported to a quarantine pod.

(*Id*. at 4-5).  Plaintiff names all three Defendants for this claim.  (*Id*. at 4).

For his second claim, Plaintiff alleges that on November 23, 2023, he suffered from a

partial seizure.  (*Id*. at 6).  He alleges Defendant Donna picked him up off his rack with the help

of his cell mates and put him in a restraint chair where he was left unattended behind a desk.  (*Id*.

at 6).  He alleges no one in the detention center called for an ambulance.  (*Id*.).  Defendant Elkins

was called, but no action was taken to treat Plaintiff.  (*Id*.).  Instead, they waited until the seizure

was over and then returned him to his pod.  (*Id*.).  Plaintiff names Defendants Elkin and Donna for

this claim.

For his third claim, Plaintiff alleges he was denied "medical care, humane treatment, and a

healthy, safe, and secure environment." (*Id*. at 7).  Specifically, he alleges that every time he asked

to be seen by a neurologist or neurosurgeon, Defendant Elkin asked him if he was "ADC property" or if he had or planned to "sign for time." (*Id*. at 8).  He alleges that Defendant Elkin told him he had to sign a plea deal or he could only be seen by Elkin. (*Id*.).  He further alleges Elkin refused to get his medical records and refused to treat him unless he signed a plea deal.  (*Id*.).  Plaintiff names Defendants Elkin and Lingo for this claim.

Plaintiff proceeds against all Defendants in their official and individual capacities. (*Id*. at 5, 7, 8).  He seeks compensatory and punitive damages, and other relief.  (*Id*. at 9).

Defendants Lingo and Donna submitted their Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies on February 5, 2024.  (ECF Nos. 40, 41, 42).  An Amended Exhibit A was filed on February 9, 2024.  (ECF No. 44).  Defendants argue Plaintiff failed to file any grievances concerning the denial of epilepsy medication, denial of treatment for suspected COVID-19, and denial of treatment for a seizure.  (ECF No. 41 at 1).  Defendants do concede Plaintiff filed grievances concerning his allegations concerning the denial of evaluation by a neurology specialist. (*Id*. at 3).  In support, Defendants filed an affidavit by Jail Administrator Fred Phillips who avers he has reviewed Plaintiff's "jail file."  (ECF No. 44 at 1-2).  A copy of this "jail file" (as Defendants define it) was provided as Exhibit 2 and is titled "Grievances filed by Shell."  (*Id*. at 2, 5-12.).  The dates covered in this "jail file" are July 8, 2023, through August 2, 2023.  (*Id*.).  Notably, none of the communications in the "jail file" occurred during the time-frame Plaintiff referenced in his Complaint.

Plaintiff responded on February 27, 2024.  (ECF Nos. 45, 46, 47).  His brief notes that Plaintiff was incarcerated in the Hot Spring County Detention Center from April 7, 2022,[2] until

---

[2] The Court notes that Plaintiff's Amended Complaint alleges he was incarcerated on April 4, 2022.

November 22, 2022, at which time he was transferred to the Nevada County Detention Center. (ECF No. 46 at 1). He remained there until returned to Hot Springs County Detention Center in June 2023. (*Id*.). Plaintiff argues the grievance procedure concerning Hot Springs County was unavailable to him once he was transferred to Nevada County. (ECF No. 46). He further argues that there are "just too many problems with the Phillips Affidavit for there not to be issues of fact in dispute." (*Id*. at 6). In his Statement of Disputed Facts, Plaintiff notes that the Phillips Affidavit and the attached jail file "only cover a time from July 8, 2023. to August 2, 2023. There is nothing prior to or after that period even though Shell was incarcerated in Hot Spring County for at least 13 other months." (ECF No. 47 at 2). He argues that: "<u>If for no other reason Lingo and Wright's undisputed facts must fail, because their claim is based on events post complaint.</u>" (*Id*. at 3) (emphasis in original). Finally, Plaintiff argues that it "defies logic" that he never filed any grievances in the other 13 months he was incarcerated in Hot Springs County Detention Center. (*Id*.).

Plaintiff also submits an Affidavit in support of the Response. (ECF No. 45). In it, he states:

> During the time frame of April 2022 until November 2022, I filed many grievances concerning denial of epilepsy medication, denial of treatment for potential COVID-19 symptoms and denial of treatment for a seizure. In addition, denial of nourishing food, clean living quarters, and a healthy, safe environment, and attempted coercion to get me to confess.
>
> I was unable to pursue any further grievances or appeal of those grievances once I left Hot Spring County, because the kiosk system worked only in the Hot Spring County Detention Center. Once, I returned, in June 2023, I continued to file grievances, because conditions had not improved, and I did not receive proper medical care.

(*Id.*).  The Affidavit was dated February 26, 2024, and is represented as being submitted under penalty of perjury.  (*Id.*).  It is not signed by Plaintiff, however, but is, instead submitted on his behalf by his appointed attorney.  (*Id.*).

Defendants replied on March 5, 2024.  (ECF No. 48).  They argue that no additional grievances were found in Plaintiff's jail record.  (*Id.*). They further argue that Plaintiff did not attach any grievances to his Response and thus has not created a genuine issue of material fact. (*Id.*).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not

adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  ANALYSIS

The burden is on the party moving for summary judgment to demonstrate that there is no genuine dispute as to material fact.  Here, Defendants Lingo and Donna have not met this evidentiary burden.  In support of their Motion for Summary Judgment, they provide only the Jail Administrator's affidavit summarizing his review of Plaintiff's "jail file." (ECF No. 44 at 1).  A copy of this "jail file" was provided as Exhibit 2 and is titled "Grievances filed by Shell." (*Id*. at 2, 5-12.).  The dates covered in this jail file were July 8, 2023, through August 2, 2023.  (*Id*.). Plaintiff's Amended Complaint centers on his incarceration in the Hot Spring County Detention Center from April 4, 2022, until November 22, 2022, at which time he was transferred to the Nevada County Detention Center.  (ECF No. 46 at 1).  The "jail file" and the corresponding affidavit, therefore, refer to a period wholly unrelated to Plaintiff's claims in this case.

Moreover, in the jail file before the Court, Plaintiff submitted approximately 14 grievances on a variety of topics during that a single month in 2023.  Judicial notice is taken that Plaintiff has one case in this District from 2022, and two during 2023.[3]  Given Plaintiff's alleged medical conditions, as well as the grievance and case history currently before the Court, the undersigned finds it improbable – as Plaintiff indicates – that Plaintiff was completely silent as to his grievances and complaints for the other 13 months while incarcerated in Hot Springs County Detention Center.  It is the burden of Defendants Lingo and Donna to illustrate there is no genuine issues of

---

[3] *Shell v. Lingo*, Case No. 6:22-cv-06120.  This case was filed on November 17, 2022, in the Eastern District of Arkansas.  It was transferred to this District on November 28, 2022.  *Shell v. Otwell*, Case No. 4:23-cv-04053 is also still pending.  It is the Nevada County portion of this case which was severed and opened as a new case.

material fact, and because they have failed to satisfy this burden, and summary judgment as a matter of law is not appropriate.

## IV.  CONCLUSION

Accordingly, it is recommended that the Motion for Partial Summary Judgment on the Issue of Exhaustion by Defendants Lingo and Donna (ECF No. 40) be **DENIED.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED this 24ᵗʰ day of June 2024.**

*Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE